```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION


ALLIANCEONE, INC., a Delaware
corporation, and TRINITY MEDICAL
SERVICES, INC., a Florida
corporation,

                    Plaintiffs,


vs.                                    Case No.  2:03-cv-629-FtM-29SPC


PATRICIA SUE MONTI, MICHAEL STREETS,
KAREN STREETS, PAUL FRANKS, MONTI
ELIGIBILITY & DENIALS SOLUTIONS,
INC., a Florida corporation, and
THE MONTI GROUP, INC., a Florida
corporation,

                    Defendants.
_____/
```

**OPINION AND ORDER**

This matter comes before the Court on motions to dismiss the Third Amended Complaint filed by six of the seven defendants on December 29, 2004 (Docs. #214-216) and on January 3, 2005 (Doc. #221). Defendants have filed memoranda of law (Docs. #217-219), a declaration (Doc. #222), and deposition testimony (Docs. #247-248) in support of their various positions. Plaintiffs filed their oppositions to these motions on January 28, 2005 (Docs. #228-229).

**I.**

In their Third Amended Complaint (Doc. #212), plaintiffs AllianceOne, Inc. (AllianceOne) and Trinity Medical Services, Inc. (Trinity) (collectively plaintiffs) contend that a number of their

former employees, including defendants Michael Streets, Paul Franks, and Theresa Haneline, conspired, while still employed by Trinity, with defendant Patricia Sue Monti, the sole director of defendant the Monti Group, to steal Trinity's business, including its customers, employees, confidential information and trade secrets.[1]  The crux of the Third Amended Complaint is that defendants orchestrated the mass resignation of plaintiffs' employees, caused the employees to breach their duty of loyalty while employed by Trinity, and engaged in unfair competition which resulted in six of the eight Trinity clients in Indiana switching to the Monti Group.

AllianceOne provides accounts receivables management services in the healthcare field.  In March 1999, AllianceOne purchased the stock of Trinity, which became a wholly-owned subsidiary of AllianceOne.  Trinity provides Medicaid eligibility services to hospitals and medical facilities.  Trinity alleges it has devised a unique process of screening and referring patients for Medicaid funding eligibility which enables its healthcare clients to recover a large portion of previously uncollectible bills.  Shortly after the acquisition by AllianceOne, Trinity negotiated its first contract to provide Medicaid eligibility services to a hospital in

---

[1] With the exception of Michael Streets and Karen Streets, the Court will refer to the individual defendants by their last names. In addition, the Court will refer to the Monti Eligibility & Denials Solution, Inc. and The Monti Group, Inc. collectively as the Monti Group.

Indiana. Defendant Michael Streets, then the Vice President of Operations for Trinity, was assigned to develop Trinity's business in Indiana. He ultimately obtained contracts with seven other hospitals for which Trinity provided Medicaid eligibility services. Defendants Haneline and Franks assumed management responsibilities for Trinity with its customers in Indiana, and hired case workers in 2001 and 2002 to staff the Indiana contracts. All of the caseworkers signed Covenants Not To Compete with Trinity.

Defendant Monti was a long-time competitor of plaintiffs, although she was primarily in the business of providing Medicaid denials services to healthcare entities. Medicaid denials services essentially sought to recover funds through the Medicaid appeals process or by correcting the defects which caused Medicaid claims to be denied. Defendant Monti incorporated the Monti Group in March 2003. The Monti Group also is in the business of providing the identical Medicaid eligibility services that Trinity provides.

Plaintiffs allege that defendants Michael Streets, Haneline, and Franks were employed by Trinity or AllianceOne but were secretly acting as agents of the Monti Group. Plaintiffs contend that these defendants directly or indirectly solicited numerous Trinity customers to transfer their Medicaid eligibility business to the Monti Group, and used Trinity's trade secrets and confidential information to do so. According to plaintiffs, six of the eight Indiana hospitals terminated their contracts with Trinity

and entered into contracts with the Monti Group. Plaintiffs assert that all of this was done at plaintiffs' expense and while these defendants were employed and being paid by plaintiffs.

The ten-count Third Amended Complaint (Doc. #212) alleges the following causes of action as to various defendants: (1) violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) conspiracy; (3) breach of fiduciary duty and duty of loyalty; (4) tortious interference with contracts; (5) tortious interference with advantageous business relationships; (6) violation of section 814.014(1) of the Florida Statutes (civil theft); (7) conversion; (8) violation of Florida Uniform Trade Secrets Act; (9) breach of contract; and (10) constructive trust.

The arguments in the pending motions can be broken down into three categories. First, Defendant Michael Streets contends that the Florida economic loss rule bars claims under Counts II (conspiracy), III (breach of fiduciary duty), IV (tortious interference with contracts), and V (tortious interference with advantageous business relations) because these claims arise out of his employment agreement with AllianceOne. Second, defendants Michael Streets, Karen Streets, Monti, and the Monti Group contend that plaintiffs fail to state a claim under Counts II (conspiracy), VI (civil theft), and VII (conversion). Third, Defendant Franks argues that the entire Third Amended Complaint should be dismissed without prejudice against him because plaintiffs failed to timely

effect service upon him.  The Court will consider each of these categories in turn.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiffs' claims are and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiffs' complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept

unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### A.  Economic Loss Rule and Counts II-V

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North Am. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). See also Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1994), citing Interstate Securities Corp. v. Hayes Corp., 920 F.2d 769, 773 (11th Cir.), reh'g, en banc, den., 929 F.2d 704 (1991).  In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." American Aviation, 892 So. 2d at 536.  One of the recognized exceptions, however, permits a tort action where the tort was committed independently of the contract breach. American Aviation, 892 So. 2d at 537, 543.

Defendant Michael Streets argues that dismissal of Counts II-V is warranted because the Florida economic loss rule bars these claims, which arise out of his employment agreement with defendant AllianceOne.  Plaintiffs respond that the economic loss rule is inapplicable because Counts II-V are not premised solely on his breach of the employment agreement.  Under the facts alleged in the

Third Amended Complaint, the Court concludes that all four counts arise independently of the employment agreement and therefore are not barred by the economic loss rule.  E.g., Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 209 (Fla. 3rd DCA 2003) and cases cited therein (breach of fiduciary duty claim not barred by economic loss rule); Invo Fla., Inc. v. Somerset Venturer, Inc., 751 So. 2d 1263, 1266-67 (Fla. 3rd DCA 2000)(same); Ron's Quality Towing, Inc. v. Southeastern Bank of Fla., 765 So. 2d 134, 136-37 (Fla. 1st DCA 2000)(civil conspiracy claim not barred by economic loss rule); Abele v. Sawyer, 750 So. 2d 70, 76 (Fla. 4th DCA 1999)(intentional interference with contract not barred by economic loss rule).  Therefore, defendant Michael Streets' Motion to Dismiss as to Counts II-V will be denied.[2]

### B.  Count II (Conspiracy)

Defendants Michael Streets, Karen Streets, Monti, and the Monti Group contend that throughout the Third Amended Complaint plaintiffs complain about the actions of the individual defendants in their capacities as officers, employees, or agents of the corporate defendants.  Because the individual defendants cannot legally conspire with the corporate defendants under Florida law, defendants assert that Count II should be dismissed for failure to state a claim.

---

[2]Defendant Michael Streets makes an alternative argument to dismiss Count II in his motion to dismiss.  The Court addresses his second argument as well in Part II(B).

Plaintiffs counter that the individual defendants, at the time of the conspiracy, were not acting as officers, employees, or agents of the defendant corporations. Alternatively, plaintiffs argue that even if the individual defendants were representatives of the defendant corporations, the civil conspiracy count remains a viable claim because each individual defendant had a personal stake in the civil conspiracy.

To allege a claim for civil conspiracy under Florida law, a plaintiff must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts under the conspiracy." Lipsig v. Ramlawi, 760 So. 2d 170, 180 (Fla. 3d DCA 2000), citing Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997). In addition, "an actionable conspiracy requires an actionable underlying tort." Raimi, 702 So. 2d at 1284. Moreover, "it is well settled that neither an agent nor an employee can conspire with his or her corporate principal or employer." Richard Bertram, Inc. v. Sterling Bank & Trust, 820 So. 2d 963, 966 (Fla. 4th DCA 2002)(internal quotes omitted), quoting Lipsig, 760 So. 2d at 180. An exception is made where the agent has a personal stake in the activities separate from the principal's interest. Richard Bertram, Inc., 820 So. 2d at 966, citing Lipsig, 760 So. 2d at 181.

The Court concludes that Count II adequately alleges a conspiracy. There are two or more conspirators even if the general rule applies, and the claim adequately alleges a personal stake in the activities of the defendant employees separate from the employer's interest. Thus, defendants' motions to dismiss as to Count II will be denied.

### C.  Counts VI (Civil Theft) and VII (Conversion)

Defendants contend that plaintiffs fail to state a claim under Counts VI and VII because (1) plaintiffs did not make sufficient allegations as to what constituted the stolen property, or (2) plaintiffs did not possess the alleged property at the time of the civil theft or conversion. Specifically, defendants assert that plaintiffs' contracts with the hospitals were terminable at will, that plaintiffs did not hold a possessory right to provide services to any Indiana hospital, and that this future contingent interest is insufficient for a claim of civil theft or conversion under Florida law. Plaintiffs respond that the subject property interest includes the contractual rights under their terminable at will agreements with the Indiana hospitals, and whether this interest falls under the Florida civil theft statute's definition of property is a fact question. Additionally, plaintiffs maintain that they had present possession and existing rights in the other property alleged in the Third Amended Complaint (e.g., computer equipment, proprietary information, employees).

>    Florida's civil theft statute provides the following:
>
>    A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
>    (a) deprive the other person of a benefit therefrom
>    (b) appropriate the property to his own use or to the use of any person not entitled thereto.

FLA. STAT. § 812.014(1). The civil theft statute defines "property" as follows:

>    (3) "Property" means anything of value, and includes:
>    (a) Real property, including things growing on, affixed to, and found in land.
>    (b) Tangible or intangible personal property, including rights, privileges, interests, and claims.

FLA. STAT. § 812.012(3). Florida's statute on civil remedy for theft states the following:

>    (1) Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. . . .

FLA. STAT. § 772.11(1).

Under Florida law, a conversion is "an unauthorized act which deprives another of his property permanently or for an indefinite time." Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001), quoting Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So. 2d 1157, 1160-61 (Fla. DCA 1984) (footnote

omitted) (citing Star Fruit Co. v. Eagle Lake Growers, Inc., 33 So. 2d 858, 860 (Fla. 1948)); see also National Union Fire Ins. Co. of Penn. v. Carib Aviation, Inc., 759 F.2d 873, 878 (11th Cir. 1985) (applying Florida law). A defendant is liable for conversion if the defendant "deprived" the plaintiff of its property by means of an "unauthorized act."

The Court finds that the counts are adequately plead. Florida's civil theft statute's definition of "property" includes intangible property, and the Court cannot conclude that rights under a terminable at will agreement are excluded from intangible property. Moreover, the Court finds that plaintiffs sufficiently alleged claims for civil theft and conversion by identifying other alleged stolen property and asserting that they had possession at the time of the incident. Therefore, defendants' motions to dismiss as to Counts VI and VII will be denied.

Defendant Karen Streets also argues that plaintiffs failed to send a demand letter as required under Florida's civil theft statute, and therefore Count VI should be dismissed. While the pertinent section of the civil theft statute clearly states that a written demand must be sent prior to initiating an action, the Florida courts recognize that "the failure to comply with pre-suit requirements should not result in dismissal of a complaint unless notice cannot be given within the limitation period." Seymour v. Adams, 638 So. 2d 1044, 1049 (Fla. 5th DCA 1994), citing Hospital

Corp. of Am. v. Lindberg, 571 So. 2d 446 (Fla. 1990). In the instant case, the record does not show that plaintiffs complied with the pre-suit notice; however, plaintiffs will be allowed to provide a written demand pursuant to section 772.11 to defendant Karen Streets because the prescribed limitations period has not expired. Thus, Count VI survives defendant Karen Streets' motion to dismiss.

### III.

Defendant Franks urges the Court to dismiss the Third Amended Complaint without prejudice because service of process was untimely in that he was not served until one hundred and forty-four (144) days after the filing of the Amended Complaint and 180 days after the filing of the original complaint. Fed. R. Civ. P. 4(m) states that service of process should be effected upon an individual within 120 days after the filing of the complaint.

Plaintiffs assert that service of process upon defendant Franks was attempted on several occasions without any success until May 11, 2004. Plaintiffs also assert there were discussions with counsel about acceptance of service, but these also were unsuccessful. The court will exercise its discretion to grant an extension of time for service of process, and will deem the service to be timely. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005). Alternatively, the Court finds that defendant Franks waived his untimely service objection by

actively participating in discovery.[3] See <u>Amtreco, Inc. v. O.H. Materials, Inc.</u>, 802 F. Supp. 443, 444 (M.D. Ga. 1992) (recognizing that untimely service of process defense was waived when the defendant acknowledged service and participated in discovery). Thus, defendant Franks's motion to dismiss is due to be denied.

Accordingly, it is now

**ORDERED**:

1.  Defendants The Monti Groups, Inc. and Monti Eligibility & Denials Solutions, Inc., Motion to Dismiss Third Amended Complaint (Doc. #214) is **DENIED**;

2.  Defendant Michael Streets' Motion to Dismiss Third Amended Complaint (Doc. #215) is **DENIED**;

3.  Defendants' Patricia Sue Monti's and Karen Streets' Motion to Dismiss Third Amended Complaint (Doc. #216) is **DENIED**;

4.  Defendant Paul Franks' Motion to Dismiss and Memorandum of Law (Doc. #221) is **DENIED**;

5.  Defendants Michael Streets, Karen Streets, Monti, Franks, and the Monti Group shall file their answers within **ten (10) days** from the date of this Order;

---

[3]Defendant Franks's participation is evidenced by several motions and responses which have been filed in the lengthy history of discovery disputes among the parties in this action. (Docs. #150, 166-168, 171-172, 193, 196, 206, 227, and 317).

6.  Plaintiffs shall comply with the pre-suit notice of section 772.11, Florida Statutes, and send a written demand to defendant Karen Streets within **ten (10) days** from the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of June, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge